IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS M. JOHNSON, )
                                                    )
        Plaintiff, )
                                                    )
     v. )   Civil Action No. 16-248-E
                                                    )
COMMISSIONER OF SOCIAL SECURITY, )
                                                    )
        Defendant. )

O R D E R

AND NOW, this 20th day of March, 2018, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 9), filed in the above-captioned matter on February 21, 2017,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 7), filed in the above-captioned matter on January 19, 2017,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that is seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

On March 12, 2013, Plaintiff Thomas M. Johnson protectively filed a claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. On March 28, 2013, Plaintiff protectively filed a claim for disability insurance benefits

1

under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. Specifically, Plaintiff claimed that he became disabled on February 1, 2012, due to osteoarthritis, hypertension, hypothyroid, and benign prostate hypertrophy (BPH). (R. 170).

After being denied initially on July 31, 2013, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on December 9, 2014. (R. 31-51). In a decision dated April 10, 2015, the ALJ denied Plaintiff's request for benefits. (R. 11-30). The Appeals Council declined to review the ALJ's decision on September 27, 2016. (R. 1-5). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.   **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'"

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522, 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have

a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

## III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since February 1, 2012. (R. 16). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had certain severe impairments, specifically, degenerative disc disease of the cervical spine at C5-6 and multiple-level degenerative disc

4

disease of the lumbar spine most pronounced at L3-4. (R. 17). The ALJ further concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 20).

The ALJ next found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (R. 20). At Step Four, the ALJ found that Plaintiff is able to perform his past relevant work as a newspaper delivery person. (R. 26). Plaintiff's past relevant work as a newspaper delivery person was classified by a vocational expert ("VE") as light exertion and unskilled work. (R. 26). The ALJ posed no hypothetical questions to the VE. Accordingly, the ALJ found that Plaintiff was not disabled. (R. 26).

## IV.     Legal Analysis

Plaintiff raises several arguments as to why he believes that the ALJ erred in finding him to be not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Specifically, because the Court finds that the ALJ did not adequately explain the reasons for his reliance upon Plaintiff's MRI evidence in formulating his RFC, the Court cannot find that Plaintiff's RFC is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. §§ 404.1545(a), 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which

ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

In this case, the Court finds that the ALJ's explanation of the findings from Plaintiff's MRI evidence was not sufficient to justify his reliance on that evidence in reaching his final conclusions. When addressing Plaintiff's "severe" impairments, the ALJ found that, "[t]he medical evidence of record established that [Plaintiff] has degenerative disc disease of the cervical spine and the lumbar spine." (R. 17). The ALJ then cited MRI evidence to support his determination, explaining that "an MRI dated July 19, 2013, showed [Plaintiff] has multilevel degenerative disc disease that is most pronounced at L3-L4, and progressed compared with previous radiographs and transitional lumbosacral anatomy and associated with degenerative changes." (R. 17). The ALJ also noted that "[o]n February 7, 2014, [Plaintiff's] MRI showed he exhibits degenerative disc disease at C5-6." (R. 17).

The ALJ next referred to the MRI evidence when addressing Plaintiff's treatment by Mohamed Kourtu, M.D., citing a treatment note and explaining that Plaintiff's "MRI showed he only has degenerative disc changes at most of the lumbar disc spaces." (R. 22). The Court notes that Dr. Kourtu did find that Plaintiff's MRI showed such degenerative disc changes, although he did not state that the MRI "only" showed such changes, and he also noted several additional findings which the ALJ did not discuss. (R. 297).

Next, the ALJ stated that V. Rao Nadella, M.D. had reported that Plaintiff had undergone "MRI studies back in 2007 and was diagnosed as having spinal stenosis at the lumbar spine

6

area." (R. 24). When discussing the opinion evidence in the record, however, the ALJ found that Dr. Nadella's opinion was not supported by the medical evidence, "and particularly MRI evidence," although he did not elaborate on his rationale for relying on the MRI evidence in this regard. (R. 24). The ALJ concluded that there was insufficient evidence to show that Plaintiff is as limited as he says, especially considering the treatment records "and MRIs of both the cervical and lumbar spine that show he only has degenerative disc disease at the worst." (R. 25).

In the end, the ALJ concluded that Plaintiff has the RFC for the full range of light work. (R. 25). The ALJ explicitly stated, "I predicated [Plaintiff's RFC] for the full range of light work upon significant weight granted to MRI objective evidence" and not upon the rather restrictive limitations given by any other sources. (R. 25). Further, the ALJ stressed, "In sum, the above [RFC] is supported by MRI evidence showing he has cervical and lumbar spine degenerative disc disease that would allow him to do the full range of light work, especially in lieu of the lack of objective evidence [to] support a further reduction in his capacity." (R. 25). Finally, the ALJ concluded that Plaintiff's claim that "he essentially has no capacity" is "clearly contradicted by MRI evidence and the objective evidence of record and close review of his daily activities." (R. 26).

As set forth above, the ALJ repeatedly specified in his decision that he relied in great part on Plaintiff's MRI evidence in formulating his RFC. The Court notes, however, that MRIs are objective diagnostic tests, the results of which require interpretation, but the ALJ never clearly explained how Plaintiff's MRIs were interpreted in order to justify his conclusions regarding his physical capabilities. More specifically, the ALJ failed altogether to explain how the MRIs were interpreted to provide evidence regarding Plaintiff's ability to engage in activities relevant to his RFC, such as sitting, standing, bending, walking, lifting, etc. Because the ALJ thus failed to

7

provide an adequate explanation of how he reached his conclusions regarding Plaintiff's ability to perform the full range of light work, the Court concludes that the ALJ's explanation for his RFC finding is unclear and lacking in specificity. See Fargnoli, 247 F.3d at 41.

The Court thus finds that the ALJ's explanation of his reasons for relying on Plaintiff's MRI evidence is simply insufficient in this case. The Court further finds that the ALJ's unclear explanation calls into question the appropriateness of his findings, and the RFC formulated by the ALJ is, therefore, not supported by substantial evidence. Thus, remand is required to allow for further discussion as to the ALJ's assessment of Plaintiff's MRI evidence, his reasons for relying on that evidence in reaching his conclusions, and his corresponding formulation of Plaintiff's RFC.

Additionally, although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the various opinion and medical evidence presented in the record, and he should verify that his conclusions concerning Plaintiff's RFC are fully explained, in order to eliminate the need for any future remand.

**V.    Conclusion**

In short, because the ALJ failed to provide an adequate explanation of his reasons for greatly relying on Plaintiff's MRI evidence in ultimately determining his RFC, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record